UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-40745

SHERON OPALINE RONDEAU, *pro se,*  Chapter 7

Judge Thomas J. Tucker

Debtor.
_____/

**OPINION AND ORDER (1) DENYING DEBTOR'S EX PARTE MOTION
TO REOPEN CASE, BUT WAIVING MOTION FILING FEE; AND (2) STRIKING THE
"CERTIFICATE OF DEBTOR EDUCATION" FILED SEPTEMBER 28, 2017**

This case is before the Court on the Debtor's motion filed September 28, 2017, entitled "Motion To Reopen Case and Waiver Reopen Fee." (Docket # 21, the "Motion"). The Motion seeks to reopen this case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate") and receive a discharge. The Motion was filed more than 3 years after this case was closed without a discharge, due to the Debtor's failure to timely file such Certificate. The Motion also seeks a waiver of the filing fee for the Motion. For the following reasons, the Court will deny the Motion, except for the waiver of the filing fee.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on January 21, 2014, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on February 26, 2014 at 11:30 a.m. (Docket # 2, the "Notice"). On January 23, 2014, the Notice was served by the Bankruptcy Noticing Center by mail on all creditors, the Chapter 7 Trustee, and the Debtor. (Docket # 11). On January 29, 2014, the Court entered an Order granting the Debtor a waiver of the Chapter 7 filing fee. (Docket # 15).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

2

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was April 28, 2014.[5] The Debtor failed to file the Certificate by the April 28, 2014 deadline, or at anytime thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On April 29, 2014, after the case had been fully administered, the case was closed without a discharge due to Debtor's failure to file the Certificate. (Docket # 19). Notice that the Debtor's bankruptcy case was closed without a discharge was served by the Bankruptcy Noticing Center by mail on May 2, 2014 on all creditors, and the Debtor. (Docket # 20). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor did not file Official Form 23, Certification of Completion of Instructional Course Concerning Personal Financial Management." (*Id.*)

More than 3 years later, on September 28, 2017, the Debtor filed the Motion, and a Certificate. (Docket ## 21, 22). The Certificate states, in relevant part, "I completed an approved course in personal financial management [on September 26, 2017 given by Debt Education and Certification Foundation]." (Docket # 22).

The Motion does not demonstrate a valid excuse why the Debtor failed to timely complete the financial management course and file the required Certificate, more than 3 years ago. Nor does the Motion demonstrate a valid excuse why the Debtor waited for more than 3 years after this case was closed before she moved to reopen it.

---

section 111[.]

[5] Sixty days after the first date set for the meeting of creditors was Sunday, April 27, 2014. So the Debtor was required to file a Certificate no later than Monday, April 28, 2014. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

**B. Discussion**

Section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010,[6] and Local Bankruptcy Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting Debtor an extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions state in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (apply a 4-part test and denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed, and stating: "The delay of more than 8 years in both the Debtor's completion of the financial management course and in filing the Certificate in this case is extreme."); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (Chapter 7) (denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed, and stating that "the seven year delay in this case [was] extreme"); *In re McGuiness*, No.

5

08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (Chapter 7) (more than 7-year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (Chapter 7) (more than 4-year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N,D. Ohio April 7, 2016)(Chapter 13) (approximately 7-year delay).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a 3+ year extension of the deadline to file the Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Debtor has not provided a valid or reasonable explanation for her failure to timely comply with the financial course requirement. Nor has the Debtor provided a valid or reasonable explanation for the 3+ year delay in her seeking to reopen this case. This factor, therefore, weighs in favor of denying the Motion.

The Motion says only that the Debtor "was very sick with cancer 2013, 2014, and 2015." The Debtor does not explain why she was able to file all of the paperwork necessary to file for bankruptcy but was not able to complete a financial management course. The Motion also does not explain why the Debtor waited two years after she was ill to move to reopen the case and take the financial management course. The Debtor was informed, by the notice described above, which was mailed to her on April 29, 2014, that her case had been closed without a discharge, and why it had been so closed.[8] Yet the Debtor did nothing to try to rectify this for more than 3 years, and the Motion alleges no valid excuse, for such an incredibly long delay by the Debtor.

---

[8] The Motion does not allege that the Debtor did not receive this notice. And there is no indication in the record that the mailing was returned undelivered by the post office.

*Factor 2: whether the request was timely*

The delay of more than 3 years in both the Debtor's completion of the financial management course and in filing the Certificate in this case is far too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the Court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3. The magnitude of the delay in this case is significant. This factor strongly weighs in favor of denying the Motion.

*Factor 3: whether fault lies with counsel*

The Debtor was not represented by counsel in this case. The fault for failing to timely complete the Financial Management Course and to file a Certificate was entirely due to the Debtor's own fault and neglect. This factor weighs in favor of denying the Motion.

*Factor 4: whether creditors are prejudiced*

In *Chrisman*, the Court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case although shorter than the delay in *Chrisman* is still long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 21) is denied, except for the waiver of the filing fee.
2. The filing fee for the Motion is waived.
3. The document entitled "Certification About a Financial Management Course" filed September 28, 2017 (Docket # 22) is stricken, because it is untimely in the extreme, and because this case is closed (and will not be reopened).
4. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on October 2, 2017**  /s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge